UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-CR-20065-SEITZ

UNITED STATES OF AMERICA,

v.

LEEBERT RAMCHARAN,

     Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant Leebert Ramcharan's *pro se* Verified Motion for Reconsideration [DE 1084, 1086], which the Court treats as a motion for reconsideration of its earlier Order Denying Defendant's Motions for Compassionate Release [DE 1080]. The Government opposes the Motion [DE 1094], and Defendant has replied [DE 1096]. The Court has considered the parties' filings and the applicable law. Because Defendant does not offer any substantively new argument or evidence, and because motions for reconsideration are not appropriate in these instances, Defendant's Motion is DENIED.

### I.    Legal Standard

Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, they are permitted in certain criminal matters. *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)). Motions for reconsideration of sentence reduction orders under 18 U.S.C. § 3582(c), however, are not such instances. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)

1

(excluding application of civil rules of procedure to criminal matters such as those under § 3582(c)(2)); *Phillips*, 597 F.3d. at 1200 (stating that § 3582(c)(1)(B) "does not include a…motion for reconsideration as an exception to the sentence modification prohibition"). Although the Eleventh Circuit has not squarely addressed the issue, the Court appears similarly restricted from entertaining a motion for reconsideration of a compassionate release order under § 3582(c)(1)(A).

## II. Discussion – Basis of Court's Decision

Defendant's new Motion details the pandemic-era circumstances at his institution, clarifies for the Court that he regrets and takes responsibility for his prior actions, and states that his health continues to incrementally deteriorate. This additional information, however, does not constitute new argument that the Court had not already considered. Similarly, Defendant has not offered any facts substantively different than those presented earlier, aside from his purported acceptance of responsibility, which would not have ultimately changed the Court's conclusions, given the related facts addressed in its earlier Order.

As the Court noted in that Order, while it is concerned for Ramcharan's well-being in these challenging times, general fear of acquiring the virus due to the circumstances of his institution is not a basis for release. The provided information fails to meet a minimum threshold for a renewed motion for compassionate release. Instead, the Court treats the Motion as one for reconsideration, which, as explained above, is not available to a defendant in these circumstances. Therefore, it is

ORDERED THAT

1.      Defendant Leebert Ramcharan's *pro se* Verified Motion for

Reconsideration [DE 1084] is DENIED.

2.      The Government's Motion to Reconsider [DE 1092] is DENIED AS

MOOT.

DONE AND ORDERED in Miami, Florida, this 28th day of January, 2021.


PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE